ORDER

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SOCRATES ARIAS,      Movant, | § § § | |
| v. | § § | CIVIL ACTION NO. B-10-283 |
| | § § | |
| UNITED STATES OF AMERICA,      Respondent. | § § | |

## NOTICE TO MOVANT

On February 15, 2011, Movant Socrates Arias moved the Court to dismiss his own motion "due to personal reasons beyond [his] control" via a voluntary motion to dismiss. (Docket No. 18 at 1). This proposed voluntary dismissal has come to the Court after the Government has already filed a responsive pleading suggesting that Movant's motion was untimely filed at its inception. (Docket No. 14).

While the Government does not oppose the Court's granting of Movant's voluntary dismissal, the Government asserts the dismissal should be with prejudice. (Docket No. 19 at 4). The Government seeks a determination from the Court as to whether Movant's 28 U.S.C. § 2255 motion was timely filed in the first place. See 28 U.S.C. § 2255(f).[1] The Court disagrees that such a determination is necessary given that Movant has elected to terminate this action before the Court has reached that issue.

Nevertheless, this admonishment is intended to put Arias on clear notice that if the Court

---

[1] "(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
 (1) the date on which the judgment of conviction becomes final;
 (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
 (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
 (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Ibid*.

recommends the granting of his voluntary dismissal and the District Judge adopts that recommendation, nothing in the Court's actions should be read to: (1) imply that the present Motion is timely; (2) cast any validity on the merits of his claims; or (3) that the filing requirements of 28 U.S.C. 2255(f) are in any way tolled between the present action and any subsequent action that Arias may plan on filing. *See United States v. Patterson*, 211 F.3d 927 (5th Cir. 2000) ("[Defendant] relied to his detriment on the district court's granting of his request to dismiss the initial, timely filed § 2255 motion in order to refile it at a later date.").

The Court having thus warned Arias is prepared to recommend dismissing this action. Nevertheless, if Arias, in light of the Court's warnings above, wishes to rescind his voluntary dismissal, the Court will provide Arias until April 15, 2011, to do so.

DONE at Brownsville, Texas, this 15th day of March 2011.

_____
Felix Recio
United States Magistrate Judge